[No. 8476.    Department Two.    March 2, 1910.]

SIMEON G. EDMONDS et al., Respondents, v. T. G. EUBANKS,
Sheriff of Franklin County et al., Appellants.[1]

CHATTEL MORTGAGES—FORECLOSURE—COSTS—KEEPING HORSES—USE
—ACCOUNTING—EVIDENCE—SUFFICIENCY. A mortgagee in possession
of the mortgaged property as custodian of the sheriff, who uses and
works the same pending a contested foreclosure, is not entitled to
be paid for care and keep anything more than the actual costs less
what the property had earned, as shown by an accounting; and he
impliedly admits the use of the property as alleged and fails to
make the accounting contemplated by law, where, in answer to an
affidavit that the property, twenty-five head of horses and farm
machinery, had been worked and used by him upon his farm for
his own use and benefit, and that the work and labor of the horses
and the use of the machinery exceeded the cost of keeping and
caring for the property, he merely filed a brief answering affidavit
to the effect that it became necessary to employ a man to care for
the horses and that the amount paid to him by the sheriff was
actually expended incident to said care and keep over and above all
offsets by reason of the value of the use of any of the stock and
property; the sheriff making no showing except by an item in his
expense bill of $2,902 paid for care and keep for 11½ months.

Appeal from an order of the superior court for Franklin
county, Neal, J., entered May 18, 1909, retaxing the costs
in an action to foreclose a chattel mortgage.   Affirmed.

Lovell & Davis and L. L. Long, for appellants.

Herman Murray and C. L. Holcomb, for respondents.

DUNBAR, J.—The respondents executed to E. T. Juvenal
certain notes amounting to several thousand dollars, and to
secure the same gave a chattel mortgage on certain personal
property, consisting principally of horses and farm imple-
ments.   The mortgagor elected to foreclose the mortgage by
sale, as provided in the statute.   Afterwards the mortgagees
came in and asked to have the cause transferred to the supe-

[1]Reported in 107 Pac. 387.

rior court, denying that the notes were due. The cause was so transferred, and finally a judgment was rendered against the respondents here in the sum of $5,596.50, with costs, etc.; and under such judgment the mortgaged property was sold, the sheriff having been placed in possession of the property at the time of the attempt to sell under the statutory provision. After a sale and the confirming of the same, the sheriff made his report to the effect, in brief, that he had sold the property for the sum of $4,100; that he immediately applied such part of said sum as was necessary to the payment of the costs incurred in the said proceeding, paid the sum of $500 to E. T. Juvenal for Lovell & Davis, as attorney's fees as provided in the judgment and decree, and turned over the balance of $685.25 to E. T. Juvenal, the judgment creditor in the said judgment; concluding as follows:

"That a true and correct statement of the sheriff's costs herein is as follows: Expense of keeping and caring for property for 11½ months................$2,902.00
"Costs of advertisement and sale.........     12.75
                                           ———————
     Total.........................$2,914.75."

Thereupon the respondents in this case, the mortgagors in the original case, moved the court to retax the costs by striking therefrom the expense for caring for the property for eleven and one-half months in the amount of $2,902, and asking that the sheriff be ordered by the court to apply the sum of $2,902 towards the satisfaction of the mortgage debt for which the property was sold. This order was granted by the court, and from such order this appeal is taken.

A great many alleged facts are set forth and discussed in the briefs which it is not discoverable from the record are pertinent to the issues in this case; and we will therefore not discuss them. Passing, without deciding, the technical questions raised by the respondents' motion to dismiss this appeal, and proceeding to the merits of the case, we are of the opinion that the court was justified in making the order which

it did.   The case was tried, according to the certificate of the
judge, upon the affidavits of the respondents, the affidavit
of the appellant Juvenal, and of the attorneys for the re-
spondents and appellants.   All the affidavits which are per-
tinent to the issues are those of the respondents Simeon G.
Edmonds, Harry Edmonds and Frank Edmonds, and of the
appellant E. T. Juvenal.

The respondents Edmonds testified that the sheriff had not
been to any expense in keeping the property, which was
about twenty-five head of horses and some farm machinery,
but that said property had been placed by the sheriff in the
possession of appellant Juvenal, the mortgagor, and that
during the entire time subsequent to the turning over to him
by the sheriff he had worked and used the said mortgaged
property, and used the same for his own use and benefit,
using it as his own in the operation of his farming business,
using both the stock and the harvesting machinery for that
purpose, and so continued to up to the final sale of the prop-
erty under the decree of foreclosure; that the work and labor
of the horses and the use of the machinery was far in excess
of the cost of keeping and caring for the same, and that the
use of said mortgaged property was with the full knowledge
and consent of the appellant Eubanks, and that the sheriff
Eubanks never paid out the sum of $2,902 for the care and
keeping of said property, nor any sum whatever.

The affidavit of attorney Davis is not pertinent to the issue,
going simply to the question of who was to blame for the pro-
crastinations in the final determination of the case.   In an-
swer to the affidavits of the respondents, there is a brief affi-
davit from E. T. Juvenal; to the effect that the property
mortgaged was turned over to him as custodian by the sheriff;
that he kept the same for a year and a half; that it was neces-
sary to employ a man to care for and look after the personal
property and feed the live stock, and that the bill of costs
of $2,902, which was paid by the sheriff of Franklin county

for the care and keeping of the said personal property, was actually expended incident to said care and keeping, over and above all offsets by reason of the value of the use of any of said stock or personal property.

The court recites in the statement of facts that it was admitted that the person appointed as custodian of the mortgaged property was, at all times during which he was the nominal custodian, the hired hand of the defendant Juvenal, and working for the said defendant Juvenal as a farm hand upon the farm of the said Juvenal, with the said mortgaged property and horses and other horses and personal property belonging to the said Juvenal, and using all of said personal property, both the mortgaged personal property and the individual property of the said Juvenal, indiscriminately in the work upon said farm. The sheriff made no showing whatever other than the report to which we have above referred, and we do not think that the affidavit of Juvenal was sufficient to overcome the allegations made by the respondents that the use of the property was equivalent to, or in excess of, the expenses of keeping the same. Probably the most that could be said in favor of Juvenal was that he was a mortgagee in possession of the mortgaged property, the possession of which he would have a right to take to preserve his interests if it would be obtained peaceably, and all that he would be entitled to as such mortgagee in possession would be the actual cost of the keeping of the property as shown by an accounting. But, as is shown by his affidavit in this case, there was no attempt to make an accounting. There is an implied admission that he used the property as alleged in the affidavits of the respondents, but he is content with the announcement that the $2,902 which was returned as costs of the sheriff was paid by the sheriff for the care and keeping over and above all offsets by reason of the value of the use of any of the said stock. This is not such an accounting as the law contemplates, especially in answer to the allegations of

the complaint made by the respondents in moving for a re-taxation of costs.

The judgment will therefore be affirmed.

RUDKIN, C. J., CROW, PARKER, and MOUNT, JJ., concur.