No. 25,226.

THE COMLEY LUMBER COMPANY, *Appellee and Appellant,* v. THE MID-CO PETROLEUM COMPANY (THE MILLIKEN COMPANY, *Appellant and Appellee*).

SYLLABUS BY THE COURT.

1. MATERIALMAN'S LIEN — *Landlord and Tenant — Materials Furnished by Lessee Pursuant to Contract With Landlord.* In an action to subject certain property of a landlord to a lien for materials used in making repairs and improvements thereon, the evidence was sufficient to prove that the materials had been furnished pursuant to a contract between plaintiff and the lessee and were to be used for the improvement of the property.

2. SAME—*No Error in Findings of Trial Court.* The items allowed by the trial court as lienable examined, and no error discerned by their inclusion in the amount of the lien.

3. SAME—*Issues Raised by Pleadings—Admissions by Failure to Deny Agency Under Oath.* In forming issues in pleadings, the failure to deny allegations of agency under oath admits the agency to the extent that such allegations are well pleaded, but it does not admit liability for all the debts alleged to have been incurred by the agent.

4. SAME—*Amount of Plaintiff's Judgment.* Neither under the alleged agency nor under the facts in evidence was the plaintiff entitled to judgment against the landlord for the full amount of its claim, nor was the landlord's property properly subject to a lien for materials which were not used to repair or improve that property.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed May 10, 1924. Affirmed.

*W. L. Cunningham,* and *D. Arthur Walker,* both of Arkansas City, for the Comley Lumber Company.

*Kirke W. Dale, Albert Faulconer,* and *C. L. Swarts,* all of Arkansas City, for the Milliken Company.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff sued for the price of certain lumber, lime, cement, and other materials which it had supplied to defendants who were respectively the lessee and the owner of an oil refinery near Arkansas City.

The Milliken Company owned the refinery; the Mid-Co Petroleum Company was the lessee and operator of it. Most of the materials were used for repairs and improvements on the property, but a considerable portion was otherwise disposed of by the lessee.

Plaintiff sued for $2,443.73 and sought to subject the property to a material man's lien for the whole sum. It was given judgment for its full demand against the Mid-Co Petroleum Company, but the refinery property was only subjected to a lien for that part of the amount which pertained to the price of the materials used to repair and improve it.

The Milliken Company appeals because its property was subjected to any lien whatsoever, and the plaintiff cross-appeals because it was not given a lien on the refinery for the full amount of its claim, and because judgment for the full amount of its claim was not awarded against the Milliken Company, with or without a lien.

Touching first the grievances of the defendant: It is contended that the evidence fails to show that the materials were sold by plaintiff to the lessee upon a contract that they should be used in making improvements on the refinery. While it is true that no witness testified that such a contract was made, partly because the manager of the plaintiff at the time the account was arranged for had removed to Colorado and his deposition had not been taken; yet it was shown that somebody called the plaintiff's manager by telephone and had a conversation with him, pursuant to which the manager gave the bookkeeper instructions to open an account with the defendant lessee, and thereafter the materials were furnished from time to time, and most of them were used in making repairs and improvements on the refinery; and it was also shown that the defendant owner of the refinery, the Milliken company, in its contract leasing the property, had bound the lessee to make the repairs which in fact were made with the materials furnished by plaintiff, and the lease also contemplated that improvements might be made, and it provided that all such improvements made by the lessee should become the property of the defendant lessor at the end of the term. Furthermore, the fact was alleged and not effectively denied that the lessee was agent of the lessor for the purpose of making the repairs and improvements. So it would seem by these facts and circumstances and also by some less significant matters involved in the oral testimony that the contract between plaintiff and the lessee to furnish materials with the intention that they should be used in making repairs and improvements on the refinery was fairly well established, so as to justify the imposition of a lien therefor. (R. S. 60-1401 *et seq.; Weaver v. Sells,* 10 Kan. 609;

*Lang v. Adams,* 71 Kan. 309, 80 Pac. 593; *Lumber Co. v. Band Co.,* 89 Kan. 788, syl. ¶ 1, 132 Pac. 992; *Brown v. Walker,* 100 Kan. 542, 164 Pac. 1092.) ·

The next error urged by the defendant pertains to certain nonlienable items which it contends were included in the amount for which a lien was imposed on its property. This is not an easy problem for an appellate court to review but we have diligently studied it. The trial court found that $1,499.30 worth of materials were used for making repairs and improvements on the refinery, $225.98 worth was used elsewhere, and $830.55 worth was used in fitting freight cars for the shipment of wax. Defendant argues that certain improvements made on the property were not authorized by the lessor. That fact, if true, would not necessarily relieve the property from a lien therefor. The alleged agency of the lessee for the lessor was not denied under oath, and certainly all the improvements made were within the apparent scope of the agency. Furthermore, in the leasing contract the lessor reserved the right to supervise the matter of repairs and improvements to be made on the property and to insist that certain of these be made, and the lease also contained a provision that under some circumstances repairs and improvements might be made and their cost set off against rents, and if the tenant were not fully recompensed thereby the lessor would pay the deficit at the end of the term, *"and all improvements, additions and betterments made or installed by the petroleum company shall become and remain the property of the Milliken company."* In view of all this, it seems idle to contend that the property was not subject to a lien for such items as foundations for tanks, for brick laid on the premises, for materials used in erecting a cold settling tank, a lubrication tank, a new fire house, and a barn. Neither in these instances nor in any of the minor items criticized by the defendant, can this court discover any plain palpable error in the trial court's findings or computations, and therefore the general result will have to stand.

Turning next to the matters urged in the cross appeal: Plaintiff insists that it was entitled to judgment for the full amount of its claim against the Milliken company, chiefly because it established its entire claim against the tenant company and because its allegations of the latter's agency for the lessor were not denied under oath. But let us see just what allegations of agency were made by plaintiff which were not traversed by a verified denial. The plaintiff alleged:

Lumber Co. v. Petroleum Co.

"That at all times hereinafter complained of, the Mid-Co Company was the agent of the defendant, Milliken Refining Company, and for and on behalf of the Milliken Refining Company, and for and on behalf of themselves entered into an oral contract on the —— day of September, 1920, with this plaintiff to furnish lumber and building material for the making and erection of improvements, repairs and betterments on the said premises and to the refinery, then located thereon. . . . and that in pursuance of said oral contract and agreement this plaintiff beginning on the —— day of September, 1920, and upon divers days from that day to and including the —— day of October, 1921, . . . delivered to the said defendants lumber and building material for the erection of improvements and making repairs and betterments, . . . to the amount and reasonable value of $2,499.33, and that the defendants were entitled to a credit thereon of $55.60."

The Milliken company's unverified general denial was tantamount to an admission of plaintiff's allegations of agency but not an admission of the amount of the claim. Apparently the claim itself was not verified by plaintiff so as to require a verified denial to traverse its correctness. So the unverified denial of agency merely admitted that the lessee was the agent of the lessor for the purposes alleged, which were the making of the contract for lumber and material for "improvements, repairs and betterments on said premises and to said refinery." No more. It was not the agent of the lessee for buying materials used for any other purpose, and consequently judgment against the lessee was properly limited to the price or value of the materials which went into the property; and the lien was properly limited to the same extent.

The record contains no prejudicial error of which either appellant or cross appellant can justly complain, and the judgment is therefore affirmed.