## SOVEREIGN CAMP, WOODMEN OF THE WORLD, v. STICKELMAN.

No. 15374—Opinion Filed June 9, 1925.

**1. Trial—Erroneous Instruction on Weight of Evidence.**

Where there is an issue as to the existence of certain facts and evidence affirming and denying their existence, it is error for the court to instruct the jury that the evidence tends to prove such facts. St. Louis S. F. R. Co. v. Wilson, 32 Okla. 752, 121 Pac. 326.

**2. Insurance—Waiver of Contract Provisions—Necessity for Proof.**

Where a waiver of certain provisions, requirements, and conditions of a contract of insurance is pleaded and relied upon, the proof of waiver must establish such waiver as is provided for under the terms of the contract.

**3. Same—Lack of Evidence—Erroneous Instruction on Issues.**

Where there is a total lack of evidence on the question of waiver, it is error for the court to instruct the jury on that issue.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from Court of Common Pleas, Tulsa County; Saul A. Yager, Judge.

Action by Minnie M. Stickelman against Sovereign Camp, Woodmen of the World. Judgment for plaintiff, and defendant appeals. Reversed.

Ledbetter, Stuart, Bell & Ledbetter, for plaintiff in error.

Luther James, for defendant in error.

Opinion by JONES, C. This is an appeal from the judgment of the court of common pleas of Tulsa county, in which proceeding the defendant in error was plaintiff, and plaintiff in error was defendant. The action was to recover $1,000, on "a policy or certificate of insurance, the plaintiff, Minnie Stickelman, being the widow of George J. Stickelman, the insured. The defendant defended upon the theory that the insured had tuberculosis at the time of filing his application for insurance, that certain statements made in his application relative to his physical condition were untrue, and that under the terms of the policy no liability existed and tendered into court $113.10, premiums paid on said policy, as a matter of equity, but denied any legal liability to return same. In response to the answer of the defendant, plaintiff filed her reply in which she denied the averments of the defendant, and further replying alleges that

defendant waived its right to defend upon the grounds that the insured was suffering from tuberculosis at the time of the application and issuance of the certificate of insurance.

Upon the trial of the case to the court and jury, a verdict was returned in favor of the plaintiff, in the amount sued for, motion for new trial was filed and overruled, and judgment rendered in accordance with the verdict of the jury, from which order and judgment the appellant prosecutes this appeal, and assigns numerous specifications of error, but we think the assignment of error wherein the appellant complains of paragraph 7 of the court's instructions raises a question which is decisive of this case, and necessitates a reversal of same.

The certificate of insurance provided that none of the terms of the application and certificate could be waived or modified, except by indorsement thereon, signed—

"By the sovereign commander or sovereign clerk whose authority for this purpose will not be delegated."

The paragraph of the court's instructions complained of is as follows:

"The court further instructs you, gentlemen, that the defendant company could waive the fact that the applicant for insurance, George J. Stickelman, had suffered or was suffering from tuberculosis or consumption. And I charge you, gentlemen of the jury, that the examination of the deceased, George J. Stickelman, by a physician chosen by the insurer, the defendant company, is some evidence either that the disease did not exist or that its existence was known and waived by the insurer, but it is no evidence that said physician or defendant knew that said deceased had been attended by a physician for tuberculosis or consumption prior to said examination if you should find that he had been so attended. And if you believe the evidence to be true and find that the other warranties made by the said deceased to have been true, then your verdict should be for the plaintiff. Waiver is the relinquishment of a known right and if you find that the insurance company, by the act of its agent, the medical examiner, waived the right to refuse an insurance policy by reason of the fact that the applicant had suffered from tuberculosis or consumption, then your verdict should be for the plaintiff. Provided, that you find that the other warranties made by said plaintiff were true. And in this connection you are instructed that the burden of proof is upon the plaintiff to establish by a preponderance of the evidence the alleged waiver by the defendant company."

This instruction, we think, is erroneous, first, in that it submits to the jury the question of waiver in the absence of any proof of waiver. We find no competent evidence in the record of any waiver as provided by the terms of the certificate of insurance. The instruction is objectionable, also, for the reason that it is a charge on the weight and effect of certain material evidence given in the case, in that the court instructed the jury as follows:

"And I charge you, gentlemen of the jury, that the examination of the deceased, George J. Stickelman, by a physician chosen by the insurer, the defendant company, is some evidence either that the disease did not exist, or that its existence was known and waived by the insurer."

This, we think, is clearly an instruction on the weight and effect of evidence and is not permissible in this jurisdiction. The question of whether or not the insured was afflicted with tuberculosis at the time of making application for the insurance, and at the time he received the certificate of insurance, and the question of waiver are the material questions in this case and upon which the rights of the parties turn, and in view of the fact that there is a sharp conflict in the evidence on the question of whether or not the insured was afflicted with the disease, and a total lack of any evidence as to waiver makes this paragraph in the instructions highly prejudicial to the rights of the defendant.

Under the law all parties to a contract of insurance are bound by the terms and conditions of the certificate or policy and are generally bound by all of the questions and answers contained in the applications for insurance, and where a waiver is relied upon, such waiver as is authorized under the terms and conditions of the contract must be proven.

In 32 C. J. 1091, 1092, the author, in discussing insurance contracts, says:

"Being a voluntary contract, the parties may make it on such terms and incorporate such provisions and conditions as they see fit to adopt, and the contract as made measures their rights, provided, of course, the agreement does not violate any principle of the common law or any provision of the Constitution or statute." Modern Brotherhood of America v. Beshara, 42 Okla. 684, 142 Pac. 1014; Modern Woodmen of America v. Weekley, 42 Okla. 25, 139 Pac. 1138.

These authorities discuss and lay down the rule in this jurisdiction as to the question of waiver, and substantially hold that the waiver must be made in accordance with the provisions of the contract.

In Grayson v. Damme, 59 Okla. 214, 158

Pac. 387; St. Louis & S. F. Ry. Co. v. Wilson, 32 Okla. 752, 124 Pac. 326, and Littlefield Loan & Investment Co. v. Walkley and Chambers, 65 Okla., 246, 166 Pac. 90, wherein will be found a discussion and enunciation of certain rules, the character of instruction herein complained of is declared to be an invasion and usurpation by the court of the prerogative and right of the jury to pass upon the facts and to weigh and determine the effect of the evidence, and we think, following the authorities heretofore cited, the error complained of necessitates a reversal of this case, and so recommend.

By the Court: It is so ordered.

Note.—See under (1) 28 Cyc. p. 1657. (2) 33 C. J. p. 127. (3) 33. C. J. p. 141.