## COLBY v. DODSON.

No. 17582. Opinion Filed March 13, 1928.

Rehearing Denied May 29, 1928.

(Syllabus.)

1. **Trial—Refusal of Requested Instruction not Supported by Pleading or Evidence.**

It is not error for the trial court to refuse a requested instruction presenting to the jury a theory of the case when there is neither pleadings nor evidence to support such theory.

**2. Appeal and Error—Verdict Reasonably Supported by Evidence not Disturbed.**

Where an examination of the record presented on appeal shows competent evidence reasonably tending to support the verdict of the jury, the court's judgment rendered on such verdict will not be disturbed on appeal.

Error from District Court, McClain County; W. L. Eagleton, Judge.

Action by L. O. Colby against Frank Dodson. Judgment for defendant, and plaintiff appeals. Affirmed.

Blanton, Osborn & Curtis, for plaintiff in error.

C. G. Moore, for defendant in error.

PHELPS, J. The parties occupy the same relative positions here as they occupied in the trial court, and will be referred to as plaintiff and defendant.

On February 13, 1925, plaintiff and defendant entered into a written contract by the terms of which plaintiff employed defendant to cultivate certain crops on land belonging to plaintiff, agreeing to pay him for his labor one-half of all barley, two-thirds of all corn, three-fourths of all cotton grown thereon, and providing that title to said crops should remain in plaintiff and that before any of said crops should be turned over to defendant there should be deducted from his interest therein the sum of $531.80 in payment of a note given by defendant to plaintiff.

On October 17, 1925, plaintiff filed her action in replevin in the district court of McClain county, basing her action upon the contract and alleging that on October 16, 1925, defendant had by fraud and stealth hauled 1,005 pounds of said cotton to market, selling it in the name of his son, receiving therefor the sum of $70.29, and further alleging that this action on the part of defendant constituted conversion and breach of contract entitling plaintiff to the immediate possession of all of said crops. A replevin writ was issued. Defendant gave a redelivery bond and filed his answer, in which he alleged that he had occupied this land as the tenant of plaintiff during the years 1923 and 1924, paying as rental thereon one-half the hay, one-third of the corn, and one-fourth of the cotton grown on the premises; that just prior to the close of the year 1924 he entered into a verbal contract and agreement with plaintiff through her agent, Dr. J. H. Colby, by the terms of which he was to occupy the premises during the year 1925 under the same terms and conditions and for the same rentals paid by him during the years 1923 and 1924; that in pursuance of such verbal contract he made his preparations to cultivate and till the land; that on February 13, 1925, Dr. J. H. Colby, agent for plaintiff, informed defendant that he had prepared a written contract embodying the conditions under which defendant was to remain in possession of the premises, assuring him that the provisions of the contract were the same as those in the previous contracts; that at the time the contract was presented to defendant for his signature he informed plaintiff that he had mortgaged the tenant's share of the crop to the Chickasaw National Bank of Purcell for the sum of $1,000. He admits signing the contract in question, but alleges that Dr. Colby, agent for plaintiff, obtained his signature thereto fraudulently, in that at the time it was presented to him he was without his spectacles and that without them he was unable to read the contract and requested Dr. Colby to read it to him and that Dr. Colby purported to read the contract to him in terms according to the verbal agreement theretofore entered into, but in reading it no mention was therein made that the contract was other than an ordinary contract between landlord and tenant, by the terms of which the tenant was to pay the landlord a share of the crop as rentals; defendant claiming that he relied upon Dr. Colby to correctly read the contract to him and but for the fraudulent and malicious misrepresentation made by said Dr. Colby, he would not have signed it. The bank interpleaded and set up its claim against the tenant's share of the crop.

The cause was tried to a jury upon the sole question as to whether the contract under which plaintiff claimed the right to immediate possession of the crops was obtained by fraud and misrepresentation. The jury returned a general verdict in favor of defendant, and from the judgment rendered upon this verdict, plaintiff appeals.

It is the contention of plaintiff that, since there was no dispute as to whether plaintiff was entitled to the landlord's share of the crop, the court should have given the plaintiff's requested instruction directing the jury to so find. In other words, plaintiff contends, and cites numerous authorities sustaining that contention, that while the instant action was a replevin action and, therefore, primarily only a possessory action, yet the court was not precluded from determining equitable questions arising from or growing out of the main controversy; while defendant claims that the court committed

no error in refusing to give the requested instruction for the reason that the pleadings and the evidence presented the sole question as to whether the contract by which plaintiff attempted to retain title to the crops and by virtue of which he claimed the right to immediate possession, was obtained by fraud.

Defendant's answer conceded that plaintiff was entitled to the landlord's share of the crop. The interpleader also made this concession and acknowledged that its mortgage was subject to the landlord's lien, and, as we view it, the court committed no error in refusing to instruct the jury upon a question presented neither in the pleadings nor in the evidence. White v. Oliver, 32 Okla. 479, 122 Pac. 156; McAlester v. Ealy, 98 Okla. 223, 225 Pac. 146.

Plaintiff seems to labor under the apprehension that since there was a general verdict and judgment in favor of defendant, it may be contended that plaintiff is not entitled to the landlord's share of the crops in question. As we view it, however, the sole question litigated in the instant case being whether the contract sued on was obtained by fraud, and there being evidence tending to support the jury's verdict on that question, the judgment of the court thereon in no way limits or impairs plaintiff's claim for her share of the crops, the right to which no one in the instant case has disputed.

The judgment of the district court is affirmed.

BRANSON, C. J., and HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note—See under (1) 38 Cyc. p. 1613; 14 R. C. L. pp. 784, 785; 4 R. C. L. Supp. p. 919; 5 R. C. L. Supp. 777; 6 R. C. L. Supp. p. 831. (2) 4 C. J. p. 853, §2834; anno. L. R. A. 1916B, 565; 2 R. C. L. p. 203; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 675.