## OSENBAUGH et al. v. VIRGIN & MORSE LUMBER CO.

No. 23622. July 2, 1935.

E. W. Smith, for plaintiffs in error.

W. L. Morse, for defendants in error.

BAYLESS, J. Virgin & Morse Lumber Company, a copartnership, defendant in error herein but plaintiff below, instituted an action in the superior court of Okmulgee county against C. C. Osenbaugh and Wm. Smith, plaintiffs in error herein but defendants below, to recover the sum of $367.23, with interest, as the balance due upon an account for materials furnished and labor performed. A copy of the account was attached to the petition, as was an affidavit verifying the correctness of the account. The pleading of defendants, upon which the case was tried, was in the form of an answer and cross-petition. The plaintiff sought to

strike this pleading as being improper, but the trial court denied its motion. There is nothing improper about the answer, but the cross-petition should have been stricken, since the court had dismissed as to O. J. Pharoah and Lions Club of Henryetta, parties defendant. This cross-petition was directed toward O. J. Pharoah and the Lions Club in part, if not in whole, and was therefore irrelevant as between plaintiff and defendants. The plaintiff has not appealed, and any error committed by the trial court in refusing to strike the cross-petition is waived; but we have made this comment to show that the cross-petition will not receive consideration by us. The jury returned a verdict in favor of the plaintiff, and the defendants brought this appeal.

The answer of the defendants, in addition to the general and specific denials of the allegations of the petition, contained the following affirmative defense:

"Further answering, these defendants say that they conducted what is known as the Pharoah Park, in which a swimming pool is located, during a portion of the summer of 1930 as the agents and representatives of O. J. Pharoah and the Lions Club of Henryetta, Okla., and that the plaintiffs herein were fully advised of the relationship existing between these defendants and the said Lions Club of Henryetta, Okla., and O. J. Pharoah, and that if any sum or sums of money are now due said plaintiff by reason of material furnished and labor performed in said park, it is due from the said Lions Club of Henryetta, Okla., and or the said O. J. Pharoah and not from these defendants."

Plaintiff filed a reply, which, after the general denial of the allegations of the defendants' answer, read in part:

"And for further reply and defense to such answer, the plaintiff alleges and states: That at the time the debt sued upon was incurred by the defendants, C. C. Osenbaugh and Wm. Smith, as set forth in the plaintiff's petition, said defendants did not disclose to plaintiffs their alleged relation as agents of O. J. Pharoah and the Lions Club of Henryetta, but the said debt was incurred by the said C. C. Osenbaugh and Wm. Smith on their own behalf, and the merchandise sold to them on their individual and personal credit, notwithstanding any actual relation between them and the said O. J. Pharoah and the Lions Club of Henryetta which may have existed without the knowledge of plaintiffs."

Several assignments of error are made, but they are grouped into three propositions for the purpose of argument. We will discuss only the first and third assignments, because they are decisive of the appeal. These propositions read:

"1. The defendants were entitled to judgment on the pleadings."

"3. The court erred in his instructions to the jury."

Under the first proposition, the defendants contend that, having pleaded agency in their answer, and the plaintiff having replied to this tendered issue by an unverified general denial of the agency, the defendants' status as agents became settled (section 220, O. S. 1931) and no cause of action was stated against them individually by the pleadings, and consequently they were entitled to have their motion for judgment on the pleadings sustained. They rely on: Garr, etc,. Co. v. Rogers, 46 Okla. 67, 148 P. 161; Burford v. Hughes, 75 Okla. 150, 182 P. 689; St. Louis-San Francisco Ry. Co. v. Cake, 25 Okla. 227, 105 P. 322, and other cases. Plaintiffs controvert this contention and insist that the plea of agency was not new matter necessitating a reply, that it was a mere traverse of the allegations of their petition, and that agency, as a defense, may be shown under a general denial. They cite: Terrapen v. Barker, 26 Okla. 93, 109 P. 931, and Denman v. Brennamen, 48 Okla. 566, 149 P. 1105.

We are of the opinion that a distinction between the matter of pleadings and the matter of proof at the trial is made by said section, supra. Even though, as a general rule of proof, agency may be shown under a general issue, nevertheless, the positive requirement of this statute controls when a party to a suit, who is relying upon agency for relief, brings into play this statute by specially tendering the issue of agency. Whenever one of the parties to a suit pleads an appointment of authority, as spoken of in said statute, he, in effect, serves notice upon his opponent that the statutory rule of issues specifically made by the pleadings is to control, and not the rule of proof, under the general issue, unaffected by the statute.

In the absence of this section of our statute, the plaintiff's position might be correct. But since we have this statute, which is plain and unambiguous in its language, and since the defendants availed themselves of it by pleading agency specially as a defense, the plaintiff was obligated to join the issue tendered in the manner prescribed by said statute.

In our opinion, when one party to a suit has specifically pleaded agency, when under the general issue it might be raised without being specifically pleaded, it constitutes a plea of new matter, in effect, within the meaning of section 214, O. S. 1931, and a reply is necessary.

We believe the distinction between the cases cited by the plaintiff and those cited by the defendants is this: In the former cases the court did not construe the pleading in question to go beyond pleading the general issue; in other words, the court was unable to construe such pleadings as specifically tendering the issue of agency.

We believe the cases cited by the defendants, and the pleadings involved therein, are more nearly analogous to the pleadings in the case before us. In the case of Knudson v. Fenimore, 69 Okla. 3, 169 P. 478, foreclosure of a mortgage was sought, and the defense was payment of the debt to a named agent of the holder. The holder filed an unverified general denial for a reply. We held therein that the agency of the person named to receive the payment was admitted under the issues made by the pleadings. In addition to the cases cited by defendants, see: Comley Lbr. Co. v. Mid Co Pet. Co., 116 Kan. 78, 225 P. 744; Starr v. Cook, 127 Kan. 122, 272 P. 138; Frankhouser v. Cannon, 50 Kan. 621, 32 P. 379; Nat'l Guaranty Fire Ins. Co. v. King (Tex. Civ. App.) 24 S. W. (2d) 501; and Bancroft Code Pleading, vol. 1, page 680, section 471.

While we have held herein that it was necessary for the plaintiff to reply to this answer, and to verify this reply in order to make an issue on the question of agency, it does not follow, however, that the defendants were entitled to judgment on the pleadings. When a person, representing himself to be the agent of and acting for a disclosed principal, purchases material, his principal is liable therefor and there is no personal liability on the part of the agent. 21 R. C. L. 897, sec. 71, note 15. But where he acts for a principal, but does not disclose who his principal is, he thereby binds himself individually. 21 R. C. L. 896, sec. 71, note 12. The reply filed by the plaintiff specifically pleaded that if the defendants were the agents of other parties, they did not disclose this fact to the plaintiff in the course of the dealings out of which this lawsuit arises. Defendants had alleged in their answer that the plaintiff knew of their agency and the name of their principal.

Therefore the issues at the time of the trial stood thus: (1) It was an admitted fact that plaintiff had sold material and performed labor on orders from defendants; (2) it was an admitted fact (by virtue of plaintiff's failure to deny under oath defendants' allegations of agency) that defendants were agents; and (3) it was a question of fact as to whether such agency was disclosed by the defendants to the plaintiff.

The trial court erred when it gave instruction number 1, reading as follows:

"You are instructed, gentlemen of the jury, that the defendants bought and received the material as alleged, at the time and for the prices alleged. They are not disputing that. That makes a prima facie case as against the defendants, for the amount sued for.

"The burden of proof then shifts to the defendants in this case to show by a fair preponderance of the evidence that they were not acting as individuals and for themselves, but were acting either as the agents of the said O. J. Pharoah or the Lions Club of the city of Henryetta."

This instruction was duly objected to by defendants, and an exception was taken by them to the giving of the instruction by the court.

In addition, the court gave instruction No. 5, reading as follows:

"The court instructs the jury that if you believe and find from a preponderance of the evidence that William Smith and C. C. Osenbaugh are the agents of O. J. Pharoah or the Lions Club or both said parties and represented to the plaintiff that said agency existed, but that the said Smith and Osenbaugh exceeded their authority and acted beyond and without their authority in making the contract, then you will find for the plaintiff in the sum shown by the evidence to be due."

This was erroneous because it was irrelevant. Due objection thereto and exception to the giving thereof was taken. There was no issue either in the pleadings or the evidence of abuse or excess of authority on the part of the said agents. It is said in McAllister v. Ealy, 98 Okla. 223, 225 P. 146:

"It is error to give an instruction, presenting to the jury a theory of the case, when there is no evidence to support the theory."

See, also, Aetna Life Ins. Co. v. Watts, 148 Okla. 28, 296 P. 977; Sovereign Camp W. O. W. v. Stickleman, 111 Okla. 105, 239 P. 251; Colby v. Dodson, 131 Okla. 77, 267 P. 618.

Judgment of the trial court is reversed

and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

McNEILL, C. J., and RILEY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. OSBORN, V. C. J., dissents. BUSBY, J., absent.