## DILL v. MALOT.

No. 7910—Opinion Filed Aug. 28, 1917.

(167 Pac. 219.)

1. **Bills and Notes—Evidence—Note.**

Where the answer admits the execution of the note sued upon and pleads payment and set-off, it is not necessary to the recovery by the plaintiff that the note sued upon be introduced in evidence.

2. **Pleading—Trial Amendment — Discretion of Court.**

While amendments are favored in the furtherance of justice, the granting or refusal of permission to amend rests largely within the discretion of the trial court, and it is not an abuse of such discretion to refuse to permit, after trial is begun, an amendment of an answer, which would substantially change the defense.

3. **Appeal and Error — Judgment—Conflicting Evidence.**

In a case tried to the court, where the evidence is in conflict, the judgment of the court will not be disturbed if there is any evidence reasonably tending to support the judgment.

(Syllabus by Collier, C.)

Error from District Court, Okfuskee County; Geo. C. Crump, Judge.

Action by Dona C. Malot against W. H. Dill. Judgment for plaintiff, and defendant brings error. Affirmed.

B. B. Blakeney and J. H. Maxey, Jr,. for plaintiff in error.

J. B. Patterson, for defendant in error.

Opinion by COLLIER, C. This is an action brought by the defendant in error against plaintiff in error to recover upon a promissory note for $700 executed by W. H. Dill and H. G. Malot, the husband of defendant in error, which said note was indorsed by H. G. Malot as follows: 'Pay to Dona C. Malot, H. G. Malot." Hereinafter the parties will be styled as they were in the trial court.

The petition avers that on the———day of———, 1914, and before maturity of said note, for a valuable consideration, and in due course of trade, said H. G. Malot indorsed, transferred and delivered said note to this plaintiff, and this plaintiff is now the legal owner and holder of said note, that there is

justly due and owing on said note the full principal sum thereof, together with interest at the rate of 6 per cent. per annum from the 1st day of January, 1916, and that she is entitled to recover of and from the defendant said sum of money. The defendant filed an unverified answer, denying each and every material allegation of said petition, except such as are hereinafter specifically admitted, and admitted the execution of the note described in plaintiff's petition, and the delivery of the note to H. G. Malot, but alleges that same has been fully paid, that plaintiff had full knowledge at the time she became the holder of said note that same was fully paid, and denies that plaintiff is the holder of said note for a valuable consideration, but alleges that she found said note among the papers of H. G. Malot, and that the same was never delivered to plaintiff by H. G. Malot. For further answer and counterclaim defendant alleges and says that on the 5th day of June, 1912, for value, the plaintiff executed and delivered to defendant her promissory note of that date, together with H. G. Malot, in the sum of $300, with interest at the rate of 8 per cent. per annum from the date thereof, together with a reasonable attorney's fee in case said note was placed in the hands of an attorney for collection, and alleges that there is now due and unpaid on said note the said sum of $300. and interest, together with an attorney's fee of $50. Defendant further answering, and for his further counterclaim, alleges and says: That on the 3d day of March, 1913. plaintiff, being indebted to defendant in the sum of $335, made, executed, and delivered, together with H. G. Malot, her promissory note in the sum of $335, with interest thereon at the rate of 6 per cent. per annum from that date, and a reasonable attorney's fee in case said note should be placed in the hands of an attorney for collection. Copies of said notes are attached as exhibits to said answer.

The plaintiff filed a motion to strike the counterclaim, which motion was overruled by the court, after which plaintiff filed a reply denying the allegations of plaintiff's answer, and alleged that she was the owner and holder of the note sued upon, and had received the same for a valuable consideration, and denied the execution of the notes declared on in the defendant's cross-action, but alleges that, if the same were executed and delivered, all of the affairs existing between her husband and defendant had been fully settled and compromised, and that said two notes declared on by the defendant had been included in said compromise. On the issues thus joined a jury was waived, and the case was tried to the court.

After the introduction of evidence had begun, the defendant asked to be allowed to amend his answer to show want of consideration, to which plaintiff objected, which objection was sustained, to which defendan' duly excepted. The trial resulted in judgment for the plaintiff for $719.25, to which the defendant duly excepted.

Timely motion was made for a new trial which was overrruled and duly excepted to. To review the judgment rendered the defendant brings error.

The evidence in this case is very voluminous, and no good could be accomplished by setting it out in full, or even by setting out an abridgment of same. The most favorable and charitable view that can be indulged for the defendant is that the evidence is in conflict as to all the issues in the case. The only errors argued in brief of defendant which we deem necessary to consider are: First, refusal of the court to allow the answer of defendant to be amended so as to show want of consideration; second, that to entitle the plaintiff to recover in this case it was necessary to introduce the note which is the basis of the action.

We are unable to agree with either of these contentions of the defendant. We think the court was not guilty of abuse of discretion in refusing to permit said amendment, for the reason that said amendment would have substantially changed the defense in this case. Again, if the plaintiff, in due course. for a valuable consideration, became the owner of said note, the question of whether or not the same was given without consideration would not affect her right to recover in this case. If the refusal of the court to allow the answer to be amended so as to set up the defense of want of consideration was an error, such error was without injury. Jones v S. H. Kress & Co., 54 Okla. 194, 153 Pac. 655; Elliott v. Coggswell, 56 Okla. 239, 155 Pac. 1146; E. Van Winkle Gin Machine Works v. Brooks, 53 Okla. 411, 156 Pac. 1152. The defendant having admitted the execution of the note and proved by his evidence the indorsement thereof to the plaintiff, it was not necessary for a recovery that the note sued upon be introduced in evidence.

Doughty v. Funk, 24 Okla. 312, 103 Pac. 624, cited and relied upon by defendant in support of his contention that it was necessary to introduce the note in evidence, is not in point. The facts in said case are entirely different from the facts in the instant case. In said case of Doughty- v. Funk, "nothing appears by way of indorsement or otherwise to indicate the ownership of the plaintiff'' in the note sued upon, while in the instant case the defendant admits the execution of the note sued upon, and it is pleaded and proved that same was indorsed to plaintiff.

The case-made having been amended so as to correct the errors shown by the original case-made, that the petition admitted that there was a credit of $675 upon the note sued upon, and such credit not being shown by the case-made as amended, and there being no evidence of any admission on the part of the plaintiff admitting such credit, the contention and argument of the defendant that the plaintiff is bound by the admission made upon said petition of said credit is without force.

The evidence being in conflict as to all the issues in the case, and there being sufficient evidence to support the judgment rendered by the trial court, we are powerless to disturb it. C., R. I. & P. Ry. Co. v. Brown, 55 Okla. 173, 154 Pac. 1161; Thompson v. Vaught, 61 Okla. 195, 160 Pac. 625; Gilkeson v. Callahan, 62 Okla. 45, 161 Pac. 789.

This cause is affirmed.

By the Court: It is so ordered.