## COMBS v. GOUGH.

No. 19809. Opinion Filed Dec. 23, 1930.

Orville O. Jenkins, for plaintiff in error.

Charles B. Duffy, for defendant in error.

LEACH, C. Homer H. Gough, who is the defendant in error here, commenced this action as plaintiff in the district court of Kay county, naming as defendants in his petition, W. S. Collier and L. A. Combs, partners doing business under the firm name and style of Collier-Combs Aircraft Company, to recover judgment against the named defendants for the value of labor and materials furnished in the construction of an airplane, and to foreclose a lien therefor as provided by section 7454 and 7455, C. O. S. 1921. The lien sued on stated therein that the affiant had a claim against the Collier-Combs Aircraft Company, a copartnership composed of L. A. Combs, W. S. Collier, and E. J. Harland, for the sum of $224.58 due affiant for work, repair, and materials furnished in pursuance of a verbal contract with the said Collier-Combs Aircraft Company, and which was performed and furnished upon one monoplane powered with Curtis OX-5 motor and owned by the said named company.

Personal service of summons was had on the defendants Collier and Combs. The defendant Collier made no appearance in the cause, but the defendant Combs filed an unverified answer generally denying the allegations of plaintiff's petition, and when the case was called for trial, he was permitted to verify his answer. The defendant Combs demurred to plaintiff's evidence, which demurrer was overruled. At the trial of the cause it was shown by the evidence that, shortly prior to the filing of the lien sued on, the defendant Combs took a bill of sale to the airplane, and he claimed at the trial that he purchased the machine in satisfaction of money loaned Collier under a verbal mortgage or lien for such funds, and it was shown that after commencement of this action the defendant Combs sold the airplane to a party in Tulsa, Okla. At the conclusion of all the evidence, the plaintiff asked leave to amend his pleadings "to conform to the proof in regards to selling the property knowing the lien was on it." Whereupon the trial court granted such request in the following language:

"Gentlemen, I have arrived at this conclusion. By reason of the fact that this case is brought for the purpose of foreclosing a lien, it is so interwoven with the question of whether or not there is a partnership, and there is a question of whether or not the parties should have been sued as partners or individuals, I do not believe it would be an abuse of discretion to permit the plaintiff to amend his petition to conform with the proof, as has been established by both parties in this case, namely, that the defendant came into possession of the

property and disposed of the property on which the plaintiff claimed to have a lien; and since the defendant was cognizant of the situation after he came into possession of the property and before he disposed of it, and knew of the existence of the lien before he placed it beyond the reach of the plaintiff, I am going to allow the plaintiff to amend and now sustain the plaintiff's motion to amend the petition to conform to the proof."

The amendment does not show to have actually been made, but the petition was apparently treated as though it were amended, and thereupon the plaintiff, Gough, moved the court to direct the jury to return a verdict in his favor, to all of which action the defendant Combs objected and excepted. The trial court directed the jury to return a verdict in favor of the plaintiff and against the defendants W. S. Collier and L. A. Combs, and each of them, for the sum prayed for, apparently upon the theory that the defendant Combs was liable in tort for conversion of the property by reason of having sold or disposed of the airplane after he had knowledge of the filing of the lien sued on, and judgment was entered against each of the named defendants individually for the amount of plaintiff's claim, from which judgment the defendant Combs appeals to this court after unsuccessful motion for new trial.

Several assignments of error are referred to or discussed in the brief of plaintiff in error, but we shall consider only those which we consider essential and necessary for a proper disposal of the appeal.

The third assignment of error is that the court erred in refusing to sustain the demurrer of the defendant Combs to plaintiff's evidence. The argument under this assignment is predicated upon the theory and contention that there was no sufficient or competent evidence to prove the existence of a partnership between Collier and Combs, or to show that the labor and materials alleged to have been furnished were in any manner furnished at the request of the defendant Combs. With this contention we are unable to agree; we are of the opinion from an examination of the entire record and evidence, that there was sufficient evidence to justify the court in submitting to the jury under proper instructions the question as to whether the defendant Combs was, in fact, a partner of the defendant Collier, and liable as such, in the construction of the airplane on which the material was alleged to have been furnished by the plaintiff, it appearing from the evidence that such material was furnished by the plain-

tiff at the request of the defendant Collier, who made no appearance in the cause whatsoever. We therefore find no error in the overruling of the demurrer to plaintiff's evidence.

The fifth and sixth assignments of error, as set forth in the brief of plaintiff in error, are that the court erred in permitting the plaintiff, Gough, to file the so-called trial amendment and in directing the jury to return a verdict in favor of the plaintiff.

The plaintiff below apparently filed his lien and action upon the theory that Collier and Combs were partners in the building or construction of the airplane on which plaintiff claimed a lien. As to when the plaintiff, Gough, became aware of the fact that the plane had been sold or disposed of by Combs is not clear, but, from the opening statement of counsel for plaintiff below, he was aware of such fact at the time the trial commenced.

Section 323, C. O. S. 1921, provides that a party may be allowed, on notice and such terms as to costs as the court may prescribe, to file supplemental pleadings alleging facts material in the case occurring after the former petition, answer, or reply (Kingfisher Impl. Co. v. Talley, 51 Okla. 226, 151 Pac. 873), while section 318, C. O. S. 1921, provides that the court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading to conform to the facts proven, when such amendment does not change substantially the claim or defense (Clem Oil Co. v. Oliver, 106 Okla. 22, 232 Pac. 942; Midland Valley R. Co. v. Rippe, 61 Okla. 314, 161 Pac. 233); but such statutes do not authorize an amendment which substantially changes the claim or defense. In the body of the opinion, in the case of Jones v. Exc. Nat. Bank, 124 Okla. 5, 253 Pac. 49, it is said:

"While our Code is liberal in amendments and this court is liberal in construing amendments, and a broad discretion is lodged with the trial court in such matters, it has always been held reversible error to permit an amendment which changes substantially the claim or defense."

And in the syllabus of this case, it is said:

"It is reversible error to permit, after the evidence is in, an amendment to plaintiff's petition so as to change substantially his claim and the defense thereto."

"Causes of action in tort may be joined in separate counts in the same petition with causes of action in contract, when they all arise out of the same transaction or transactions connected with the same subject of

action, and affect all the parties to the action." Aylesbury Mercantile Co. v. Fitch, 22 Okla. 475, 99 Pac. 1089.

Apparently the plaintiff below commenced his action and tried the same upon the theory that the defendants Collier and Combs were partners in the construction of the airplane on which plaintiff's material was used, and that they were liable as partners for such material even though the same was purchased by or furnished at the request of the defendant Combs, and the action was predicated upon contract and foreclosure of statutory lien, while the amendment and directed verdict against the defendant Combs was apparently based on a tort arising under the theory that such defendant converted and disposed of the property involved after knowledge of the lien. We are of the opinion that the amendment made a material and substantial change in plaintiff's claim and the defense thereto, and was not such an amendment as was authorized under the record and statutes, and hold that it was reversible error to permit the same and direct a verdict thereunder. Even though the amendment had been permissible, we are doubtful if the evidence was such as to warrant the court in directing a verdict against the defendant Combs because of the fact he contended and gave testimony to the effect that he was a purchaser in good faith of the airplane before the lien was filed, and possibly before he had notice that the plaintiff claimed such lien. His testimony on this point was somewhat conflicting, but a motion for a directed verdict is in the nature of a demurrer to the evidence, and leaves for consideration only such evidence as is favorable to the party against whom the motion is directed and admits the evidence of the opposite party and all reasonable inferences which can be drawn therefrom. Midland Valley R. Co. v. Rippe, supra.

Applying such a rule, we are doubtful if a directed verdict was proper even had the amendment been authorized, but it is not necessary to determine such question or reverse the judgment on that ground, since we find the amendment unauthorized.

For the reasons stated, the judgment of the district court is reversed, and cause remanded, with directions to grant the defendant Combs a new trial.

BENNETT, DIFFENDAFFER, EAGLETON, and HERR, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 21 R. C. L. p. 580; R. C. L. Perm. Supp. p. 5077.