## SINCLAIR PRAIRIE OIL CO. et al. v. SEEBECK et al.

No. 27172.    March 1, 1938.

Rehearing Denied April 12, 1938.

Miley, Hoffman, Williams, France & Johnson and Morgan W. Eddleman, for plaintiffs in error.

Twyford & Smith and William J. Crowe, for defendants in error.

OSBORN, C. J. This action was instituted in the district court of Oklahoma county by Herman Seebeck and John Seebeck, executors of the will of George Seebeck, deceased, and other heirs of George Seebeck, deceased, hereinafter referred to as plaintiffs, against the Sinclair Prairie Oil Company, Indian Territory Illuminating Oil Company, Mid-Kansas Oil Company, Skelly Oil Company, and Phillips Petroleum Company, hereinafter referred to as defendants, wherein plaintiffs sought recovery of damages arising from the pollution of a farm owned by plaintiffs by salt water and oil. The cause was tried to a jury and a verdict was rendered in favor of plaintiffs in the sum of $2,900. From a judgment thereon, defendants have appealed.

It is alleged that plaintiffs are the owners of 160 acres of land located adjacent to the Oklahoma City oil field; that defendants are the owners and operators of a number of producing oil wells located on a watershed drained by Crutcho creek, a small creek which traverses the farm owned by plaintiffs; that defendants permitted large quantities of oil and salt water to escape from their wells into Crutcho creek and that the creek overflowed in June, 1932, and deposited oil and salt water over the surface of a large area of the farm, resulting in permanent damage to the farm in the sum of $2,900.

It is urged first that the trial court erred in permitting the introduction of certain testimony. Two witnesses, C. A. Pearl and H. M. Pearl, testified that they owned a farm which was located on Little Crutcho creek, about two miles north and a mile west of the farm of plaintiffs; that Little Crutcho creek is not the same creek that traversed plaintiffs' farm. The witnesses testified that their farm had likewise been overflowed by oil and salt water, and, over the objection of defendants, were permitted to testify as to the effect of the oil and salt water upon the soil. It is urged that the admission of such testimony constitutes reversible error in the absence of a showing that conditions of the two streams and the lands adjacent thereto were similar. Various authorities are submitted in support of the contention, which would be in point if the evidence to which we have referred was introduced for the purpose of establishing the fact of pollution. The record discloses, however, that the evidence was submitted for the sole purpose of establishing the effect of oil and salt water upon the soil. It is not disputed that a deposit of oil and salt water in sufficient quantities will seriously impair the fertility of soil. It is the contention of defendants that the salt water and oil content in the soil on plaintiffs' farm is insufficient to affect its fertility, and certain expert evidence was offered to prove the contention, while plaintiffs introduced several witnesses who testified that the yield of crops was considerably less than it had been prior to the flood of June, 1932. It is the general rule that one who complains that the trial court erred in admitting evidence over his objections must be able to show wherein said evidence was detrimental to his cause. Graf Packing Co. v. Pelphrey, 171 Okla. 416, 42 P.2d 889.

The second proposition urged is error based on the following instruction given by the court on the measure of damages:

"You are further instructed that the measure of plaintiffs' damage is the actual detriment, which has been caused to his land by crude oil or salt water, if any, permitted to escape from the defendants' properties and allowed to run down and over his land. This detriment is the difference between the reasonable cash market value of his land before the pollution, if any, and the reasonable cash market value at the present time, and the test is not the value of the land for some particular use to which it might be subjected, but its adaptability to this use may be considered as one of the factors in ascertaining the reasonable market value. You will consider, however, only such difference in the market value as you may

438

find has been occasioned solely by the pollution of these streams.

"You will not take into consideration any fictitious or speculative values, either · before or after the injury, if any, and should bear in mind that you are seeking to determine just what amount, if any, the plaintiffs' land has been permanently damaged, occasioned solely and directly by the pollution of Crutcho creek, if any."

In the first paragraph of the instruction there is stated an erroneous rule for determining permanent damages to real estate. The measure of damages in such cases is the difference in value of the real estate before and after the injury, which difference in value is attributable to the injury. Commercial Drilling Co. v. Kennedy, 172 Okla. 475, 45 P.2d 534. The measure of damages was fixed by the trial court at the difference in value before the pollution and "at the present time." We must therefore determine whether the error in the instructions justifies a reversal of this cause. It is pointed out that the court was careful to instruct the jury that they should consider only such damages as were "occasioned solely by the pollution of these streams." We have examined the record and find that all of the witnesses estimated the damages that had accrued to the land as the difference in the fair market value of the land prior to and subsequent to the pollution of the stream. There was no controversy regarding the exact time at which the damages accrued. The principal defenses urged in the cause were that the damage, if any, accruing to the farm land was occasioned by an unprecedented flood and that there was no pollution of the soil on plaintiffs' farm. This court has held that even though an instruction defining the measure of damages is erroneous and misleading, yet, when in the light of the evidence it does not appear to have misled the jury into finding upon the issue otherwise than they would have found under proper instructions, under section 252, O. S. 1931, the error complained of will be considered harmless. Sestak v. Cowan, 164 Okla. 152, 23 P.2d 146; Potts v. Zolinger, 79 Okla. 262, 192 P. 1099.

It is further urged that the evidence was insufficient to sustain the award of the jury. The record discloses that several witnesses estimated the amount of damage to be considerably in excess of the amount fixed by the jury. There is no merit in this contention.

The judgment is affirmed.

PHELPS, CORN, GIBSON, and DAVISON, JJ., concur.