## TEXAS TITLE GUARANTY CO. v. SHEPHERD.

No. 28674. March 21, 1939.

Rehearing Denied April 18, 1939.

W. F. Schulte, for plaintiff in error.

C. F. Green, for defendant in error.

GIBSON, J. This is an action in foreclosure by the alleged assignee of a note and the real estate mortgage security, and to quiet title to the mortgaged premises.

Plaintiff in error, the Texas Title Guaranty Company, by verified answer pleaded ownership and lawful possession of the premises in itself, denied the execution of the note and mortgage by the former owners and alleged mortgagors, denied that the instruments were assigned by the mortgagee, pleaded the five-year statute of limitations, and denied that an alleged payment indorsed on the note within said statutory period was made.

The defendant mortgagors did not answer, and the cause proceeded to trial to the court, after jury waived, upon the issues as presented by the petition and the foregoing answer and the reply thereto. The parties will be referred to herein as they appeared at the trial.

Defendant stood upon its demurrer to plaintiff's evidence when the same was overruled, declined to introduce its own evidence, and moved for judgment, whereupon the court rendered judgment for the plaintiff.

Defendant asserts that the plaintiff failed to sustain the burden of proof placed upon him to establish the execution of the note and mortgage, the assignment thereof, and the partial payment indorsed upon the note. It is here contended that the denial of these allegations by the verified answer placed the aforesaid burden upon plaintiff.

Plaintiff says the verification of the answer was irregular and insufficient, under the provisions of the statute, to place the above allegations in issue. The statute, section 220, O. S. 1931, 12 Okla. Stat. Ann. sec. 286, provides, among other things, that allegations of the execution of a written instrument and indorsements thereon shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney. But the plaintiff proceeded to trial of the issues without objection to the answer, and without challenging the sufficiency of the verification. He thereby waived any defects appearing in the verification, and the answer will stand as if properly verified. In Fort Worth Lead & Zinc Co. v. Robinson, 89 Okla. 221, 215 P. 205, we stated the rule as follows:

"Where the sufficiency of a verification to an answer denying the execution of a note and mortgage is not challenged in the trial

court by motion to strike, the defects in said verification will be treated as waived."

See, also, Ward v. Coleman, 170 Okla. 201, 39 P.2d 113.

The answer was therefore sufficient to place in issue all the allegations of the petition, and the burden fell upon the plaintiff to establish the same.

Where, as here, the note is payable to the order of the payee (sec. 11348, O. S. 1931, 48 Okla. Stat. Ann. sec. 100), production of the note by a subsequent holder constitutes prima facie evidence of his ownership thereof. Jones v. Wheeler, 23 Okla. 771, 101 P. 1112; Reserve Loan Life Ins. Co. v. Simmons, 140 Okla. 212, 282 P. 279; Miller v. Prudential Insurance Co. of America, 180 Okla. 555, 71 P.2d 452.

But the mere production of the note in such case bearing thereon an indorsement of partial payment is insufficient to establish payment as a toll of the statute of limitations. As stated in 37 C. J. 1151, sec. 630, "It is the payment and not the indorsement on the evidence of debt that operates to toll the statute." See, also, Hastie v. Burrage (Kan.) 77 P. 268. And as further said in the text above: "There is no presumption that the date of the indorsement is correct." The date in such case is no more important than the fact of actual payment. Therefore, the mere indorsement produces no presumption that payment was actually made where such payment is relied upon to save the action from the bar of the statute. Though an indorsement of payment has been held to raise a presumption of payment in favor of the debtor claiming the credit (8 C. J. 1015, sec. 1321), the rule is otherwise where the indorsement is relied upon to toll the statute. The correct rule in such case as gathered from the decisions in the vast majority of jurisdictions is that where an indorsement on a promissory note, made before the bar of the statute of limitations attaches, is relied on to save the cause of action upon the note from the operation of such statute, the burden of proof is upon the plaintiff to show that the payment was actually made at the time alleged, or that it was made by or with the consent of the payor.

In the instant case the plaintiff claims to have received the note and security from the payee on April 28, 1919. The indorsement in question reads as follows: "$100.00 Principal paid—September 28th, 1933, all interest paid to 9-1-1933. S. K. Heilman." Action was instituted July 3,

1936. No evidence was offered to show that the payment was actually made by anyone or that such payment, if made, was received within five years before commencing the suit. Payment was denied and the issue properly raised under the defense of the statute of limitations, and plaintiff failed entirely to establish a prima facie case in this respect.

The court erred in overruling defendant's demurrer and rendering judgment for plaintiff. The cause is reversed and remanded for further proceedings in conformity with the views herein expressed.

It is so ordered.

BAYLESS, C. J., and RILEY, OSBORN, and DAVISON, JJ., concur.