A & A CAB OPERATING CO., Inc., et al. v. ALLEN.

No. 31172. April 11, 1944.

*147 P. 2d 792.*

Herbert K. Hyde and Lee Williams, both of Oklahoma City, for plaintiffs in error.

Butler & Rinehart, of Oklahoma City, for defendant in error.

PER CURIAM. This is an action by the plaintiff, Essie Allen, filed in the court of common pleas of Oklahoma county, for damages against A & A Cab Operating Company, Inc., and Bertus Adair Partain, the driver of the cab, also Dick Osie Cannon, the driver of the other car involved, for injuries alleged to have been sustained as a result of a collision between the cab and the car. No judgment being rendered against Dick Osie Cannon in the trial court, he is not a party defendant in this appeal. From a judgment in favor of the plaintiff in the sum of $500, the defendants have appealed. The plaintiff will be referred to as she appeared in the trial court and the other defendants as taxicab and Partain.

In plaintiff's petition it is alleged that she was a passenger for hire of the taxicab owned by defendant A & A Cab Operating Company, Inc., being driven by its agent, Partain; that the taxicab

was being driven in a northerly direction on Durland street in Oklahoma City, and an automobile driven by the defendant Cannon was being driven in a westerly direction on East Eighth street, and as the two automobiles approached the intersection at about the same time, neither of the drivers made any effort to stop or change their direction to avoid a collision, and the right front of the taxicab and the left front of the automobile violently collided; that the collision and resulting injuries to plaintiff were due to the negligence of the defendants in one or all of the following particulars:

"(a) Negligence of the defendant Dick Osie Cannon in failure to yield the right of way and his failure to apply his brakes or turn his car so as to avoid a collision and that he further failed to keep his car under control so that he could stop same within assured clear distance ahead.

"(b) Negligence of defendant taxicab company through its agent Partain, in that Partain failed to yield the right of way to the car driven by the defendant Cannon, and failed to apply his brakes or turn his car so as to avoid a collision and failed to drive his automobile so as to be able to stop same within assured clear distance ahead."

It was further alleged that, by reason of the collision, plaintiff was thrown violently about in the taxicab, her back was bruised and injured, the muscles and ligaments of her back torn and strained, causing suffering and pain, causing damage in the sum of $2,000, for which she sued.

The defendants, Cab Company and Partain, answered by general denial, and further denied that they were in anywise negligent, and alleged that the accident and resulting injuries, if any, to the plaintiff were caused solely by the negligence of Dick Osie Cannon. Defendants admitted the allegations contained in sub-paragraph (a) of paragraph two of plaintiff's petition relative to the negligence of Dick Osie Cannon.

Contrary to the allegations in the pe-

tition that the right front of the taxicab collided with the left front of Cannon's car, the plaintiff testified that it was the right rear fender of the taxicab which was struck.

Witness Earl Griffin testified for the plaintiff and stated that he was driving south on Durland and saw the accident; that the car from the east struck the cab; that they came together just north of the center of the intersection; that he believed that the car coming from the east was traveling a little the faster; that there was a street car track in the middle of Eighth street, the street on which Cannon's car was traveling and which the taxicab was crossing.

Defendant Cannon testified for plaintiff that there were two street car tracks on the street he was traveling and that the accident happened north of the tracks. Roy Cook, police officer, testified that when he arrived the cars were north of the street car tracks; that the drivers claimed they were going about 15 miles per hour. Partain, driver of the taxicab, testified that the accident happened just north of the tracks.

At the conclusion of the evidence, the court adjourned until the following morning, at which time the defendants, Cab Company and Partain, asked permission of the court to amend their answer in paragraph 2 as follows:

"That said defendants deny that they were in any way negligent; and especially allege that the accident and resulting injuries, if any, to the plaintiff were caused by the negligence of a third party, towit, Dick Osie Cannon, and at a time when the defendant was undertaking to cross Eighth street, and cross the street car tracks running east and west; and that at said time and place, the defendant, A. & A. Cab Operating Company, had the right of way."

The amendment asked for was objected to by the plaintiff, principally on the ground that both sides had rested; that the witnesses available to testify, other than the parties to the suit, had gone; that no notice was given of any kind of offer to amend the answer or of-

fer additional proof; that the court had prepared its instructions and same were ready to be read to the jury; that obviously defendant's offer to amend his answer was to permit proof which was not yet in the record.

Defendants informed the court that it was their purpose also to offer in evidence city ordinance 3591, relative to right of way over street intersections, and insisted that the amendment offered was to conform the pleadings to the facts shown by the testimony already in the record; that the pleading of the ordinance now by way of amendment would in no wise jeopardize the contention of counsel that it was not timely because all witnesses had testified; that all of the testimony with reference to what occurred out there at the scene of the accident was in the case already and that it was now a question of law. The defendants offered the ordinance in connection with the application to amend the answer. The application to amend was overruled and the objection to the introduction of the ordinance was sustained.

Defendants offered in testimony Oklahoma City ordinance 3591, section A-52, which is as follows:

"At intersections of all highways where any railway operates cars upon rails or stationary tracks, vehicles turning or crossing over such tracks in either direction shall have the right of way over all other vehicles approaching the intersection of such highway from any direction."

The defendant then stated to the court that the offer of the city ordinance was made in pursuance of the offer and application of the defendants to amend their answer to conform to the proof developed from the witnesses at the trial. The offer was refused by the court.

The defendants contend that the ruling of the court constituted error.

12 O. S. 1941 § 317 provides, in part, as follows:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by . . . inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; . . . ."

This court has many times held that amendments to pleadings before judgment may be allowed in the furtherance of justice, when they do not substantially change the claim or defense. We have likewise many times held that the ruling of the trial court in permitting or refusing amendments to pleadings before judgment will not be disturbed on appeal except for abuse of discretion.

In Beaty v. Armstrong, 95 Okla. 109, 218 P. 516, this court said:

"Under our statutes and the decisions of this court, a liberal latitude of discretion is allowed trial courts in permitting amendments, which discretion must in all cases be limited by reason, taking into consideration the substantial rights of litigants in order that justice may be done."

In the instant case the testimony developed the fact that two lines of street car track crossed the street upon which defendants were traveling and that the collision took place beyond the tracks. It was alleged in plaintiff's petition and in the answer of the defendants that Cannon, the driver of the car, failed in his duty to yield the right of way. If the defendants had been allowed the amendment asked for, together with the introduction of the city ordinance, they would have had an opportunity to prove that Cannon was negligent in failing to yield the right of way under the provisions of the city ordinance and the testimony then before the jury and which testimony might have tended to disprove the acts of negligence charged against them. We are of the opinion that the amendment, with the city ordinance, were both material to the defense and would not have substantially changed the defense or prejudiced the rights of the plaintiff in any way, but would have tended to conform the pleadings to the

facts proved, whereby the jury could determine, from the facts already before it and from the ordinance, who had the right of way, and who, if anyone, was guilty of negligence.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

GIBSON, V.C.J., and OSBORN, BAYLESS, WELCH, and HURST, JJ., concur. CORN, C.J., and DAVISON, J., dissent.