NEWTON v. STATE ex rel. GILMER, Co. Atty.

No. 32246. Nov. 16, 1948.

*199 P. 2d 611.*

Irvine E. Ungerman, of Tulsa, for plaintiff in error.

M. S. Simms, Asst. County Atty., of Tulsa, for defendant in error.

BAYLESS, J. This is a proceeding, based upon 37 Okla. St. Ann. §73, brought by the State of Oklahoma on relation of the county attorney of Tulsa county to obtain injunctive relief against Willis Newton, the operator of an establishment known as "The Music Box" outside the city limits of the city of Tulsa, Okla. Parties will be referred to as they appeared in the trial court.

The Music Box, according to plaintiff's testimony, is "a dance and drink hall, kind of a honky-tonk", located at 4911 East Admiral Place, Tulsa, Okla.

The evidence discloses that Willis Newton was the owner and operator of said establishment, and that on two dates, to wit, January 6, 1945, and January 11, 1945, certain deputy sheriffs of Tulsa county entered the establishment; that on said occasions the deputy sheriffs obtained some bottles, some of which were partially filled with liquor or whisky, which, together with some drinking glasses partially filled with drinks, were on the tables used by the guests.

Deputy Sheriff Medlin testified that he visited The Music Box on the night of January 6th after the departure of the other deputies, and that he saw therein on the tables occupied by guests intoxicating liquor, mixed drinks, bottles of Coca-Cola and Seven-Up.

The testimony shows the general reputation of The Music Box to be a place where intoxicating liquor is sold and consumed. There is no attempt to establish a sale of intoxicating liquor, and there is no proof that defendant had possession of intoxicating liquor with the intent to sell or otherwise dispose of the same.

Upon this evidence the trial court entered a judgment enjoining the operation of the establishment and ordered the same closed. The defendant has appealed from the order and judgment of the trial court and urges the insufficiency of the evidence to sustain the judgment and order of the trial court.

The majority of the cases referred to in the briefs of the parties hereto are criminal cases in which the defendants were being prosecuted for violations of the criminal laws of the state. Those cases and the case at bar are to be distinguished in that the case under consideration is a civil case having for its purpose the abatement of a public nuisance and not the punishment of the defendant in a criminal matter.

The statute upon which this case is based (37 Okla. St. Ann. §73) reads in part as follows:

"All places where any spirituous, vinous, fermented or malt liquors, or any imitation thereof, or substitute therefor; or any malt liquors or compounds of any kind or description whatsoever, whether medicated or not, which contain as much as one-half of one per centum of alcohol, measured by volume, and which is capable of being used as a beverage, except preparations compounded by any licensed

pharmacist, the sale of which would not subject him to the payment of the special tax required by the laws of the United States; is manufactured, sold bartered, given away or otherwise furnished in violation of any provision of this act; and all places where any such liquor is kept or possessed by any person in violation of any provision of this act; and all places where persons congregate or resort for the purpose of drinking any such liquor, are hereby declared to be public nuisances, . . ."

It is apparent from a reading of the above statute that a place is declared to be a public nuisance when one of three named situations exists:

(1) where intoxicating liquor is manufactured, sold, bartered, given away or otherwise furnished in violation of the Act;

(2) where such liquor is kept or possessed in violation of the Act; and

(3) "all places where persons congregate or resort for the purpose of drinking any such liquor."

In the present case the evidence shows three separate and distinct occasions upon which officers found intoxicating liquor on the tables around which guests were congregated in the place of business of the defendant.

We hold that this evidence plus evidence showing that The Music Box had a general reputation of being a place where intoxicating liquor was sold and consumed, is sufficient to sustain the permanent injunction granted by the trial court.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, GIBSON, and LUTTRELL, JJ., concur.

Irvine E. Ungerman, of Tulsa, for plaintiff in error.

