CAMPBELL v. ORR.

No. 33252. Nov. 23, 1948.

Rehearing Denied Jan. 8, 1949.
Second Petition for Rehearing Denied March 22, 1949.

*204 P. 2d 269.*

I. D. Moseley and Robert W. Raynolds, both of Tulsa, for plaintiff in error.

Summers Hardy and Milton W. Hardy, both of Tulsa, for defendant in error.

DAVISON, V.C.J. This is an action wherein Clara Orr, as the sole heir of Frank Orr, deceased, seeks to recover from Buford Campbell the sum of $310 upon a verified open account. The parties will be referred to as they appeared in the trial court.

The account attached to plaintiff's petition shows advances in cash, by plaintiff's decedent to the defendant, of $445 in 1938 and $10 in 1942. Defendant sold shirts and neckties, and all items of credit shown in said account, except one, a $50 payment in 1938, were for the delivery of merchandise to Frank Orr by defendant during the years 1938 to 1945, inclusive. Defendant answered, denying generally the allegations of the petition and, in addition, alleging that the original advancement of $445 by Frank Orr was for the establishment of a booth at the Tulsa State Fair for the sale of neckties, from which the parties were to divide the profits; that the venture was a failure and, in satisfaction of the amount so advanced, defendant paid Frank Orr $50 in cash and delivered him the merchandise shown by the verified account through the year 1940; that in 1941 and 1942 defendant delivered him merchandise of the value of $10 which was paid for by the item of that amount shown in said account for 1942; that subsequent to 1942, the defendant had no business transactions of any kind with him; that any amount due on the account was barred by the statute of limitations, this suit having been filed October 1, 1946. The answer was verified.

At the trial plaintiff presented evidence establishing her right to maintain this action and then introduced her decedent's book showing defendant's account, after testifying that the same was in the handwriting of her husband. She further testified that she had no personal knowledge about the receipt of any merchandise subsequent to 1941, but that on March 7, 1945, Mr. Orr brought home three ties. The defendant, called as a witness, testified that the ties were of the same brand, carried by him, and which were also carried by other firms in the city, but that he was not familiar with these identical ties. All of defendant's offered evidence was excluded because it was concerning transactions and communications had with a deceased person and was within the inhibition of section 384, title 12 O. S. 1941. The court directed a verdict in favor of plaintiff, from the judgment on which defendant has appealed, relying solely upon the insufficiency of plaintiff's evidence to relieve the action from the bar of the statute of limitations.

The proposition going to the sufficiency of plaintiff's evidence to sustain the judgment is decisive of the issues in this case. Plaintiff argues that it is similar to, and controlled by, the holding of this court in the case of Flanagan v. Oxley, 190 Okla. 564, 126 P. 2d 707. However, in that case, the defendant had executed a note payable to decedent and had made various payments to her which had been entered on an account book where they were shown to be payments of interest. Several of these entries had been made by the defendant personally and this court held the evidence to be sufficient to sustain the judgment, finding the payments to have been made on the indebtedness, rather than as gratuities, as was contended by defendant.

The instant case falls squarely within the reasoning of this court in the cases of First State Bank of Loco v. Lucas, 168 Okla. 406, 33 P. 2d 622, and Texas Title Guaranty Co. v. Shepherd, 184 Okla. 599, 89 P. 2d 337. These cases were determined adversely to the contention of plaintiff in the instant case. In the latter case it was said:

" . . . Therefore, the mere indorsement produces no presumption that payment was actually made where such payment is relied upon to save the action from the bar of the statute. Though an indorsement of payment has been held to raise a presumption of payment in favor of the debtor claiming the credit (8 C. J. 1015, sec. 1321) the rule is otherwise where the indorsement is relied upon to toll the statute. . . ."

The rule was there applied to indorsements made on an evidence of indebtedness. It is also applicable to open accounts and indorsements made by the creditor in his books wherein a record of the account is kept. Both are entries made by the creditor and, when used for his own advantage, do not have sufficient evidentiary value to overcome the burden of proof unless otherwise strengthened. In the instant case, the plaintiff did not discharge the burden of proof which the law cast upon her.

The judgment is reversed and remanded, with directions to proceed in a manner not inconsistent with the views herein expressed.

HURST, C.J., and RILEY, BAYLESS, WELCH, CORN, GIBSON, and LUTTRELL, JJ., concur.