CEDARBAUM v. STATE ex rel. ADAMS, Co. Atty.

No. 34719. Dec. 18, 1951.

Rehearing Denied Jan. 8, 1952.

*240 P. 2d 796.*

Irvine E. Ungerman, Tulsa, for plaintiff in error.

Lewis J. Bicking, Co. Atty., and Hugh Webster, Asst. Co. Atty., Tulsa, for defendant in error.

BINGAMAN, J. This action was brought by the county attorney of Tulsa county, to restrain and enjoin the defendant, Edward Cedarbaum, d/b/a Orchid Club, from storing, selling, giving away or otherwise disposing of intoxicating liquors at said club and to enjoin him, his agents, servants or employees from permitting persons to bring intoxicating liquors in and upon said premises and from permitting intoxicated persons from coming in or upon said premises. The trial court issued a temporary restraining order. Defendant demurred to plaintiff's petition, which demurrer was overruled, answered by general denial and demurred to plaintiff's evidence. When his demurrer to the evidence was overruled he stood on the demurrer and produced no evidence, and thereupon the trial court entered an order or

judgment of permanent injunction in accordance with the prayer of plaintiff's petition. Defendant appeals.

Defendant first contends that the court was without jurisdiction in the action, for the reason that the petition was not verified, calling attention to 12 O. S. 1941 §1397, which provided that the petition in an action brought to enjoin and suppress a common nuisance shall be verified by the county attorney. Plaintiff points out that the action was brought pursuant to the provisions of 37 O. S. 1941 §73, which does not contain such a provision. Regardless of which section is applicable we think the failure to verify was waived by defendant by failing to raise the question by motion to strike or other appropriate pleadings. Defendant contends that it was raised by his demurrer to plaintiff's petition, but with this contention we do not agree. The first ground of demurrer was that the petition did not state facts sufficient to constitute a cause of action against the defendant. It then proceeds as follows:

"and for the further reason and upon the further grounds that the said petition does not state facts sufficient to grant to this Court jurisdiction over the subject matter or over the defendant in the manner in which the action has been brought."

We find nothing in this language to substantiate the claim of defendant. In Texas Title Guaranty Co. v. Shepherd, 184 Okla. 599, 89 P. 2d 337, we held that the defects in a verification would be treated as waived where it was not challenged in the trial court by a motion to strike. In First State Bank v. Carr, 72 Okla. 262, 180 P. 856, we stated that failure to verify did not render a petition fatally defective and that such defect was waived by failing to call the court's attention thereto by a proper motion.

Defendant next contends that the evidence is wholly insufficient to sustain the judgment in that there was no evidence of general reputation, and that it

is further insufficient for the reason that it was based upon an illegal seizure and search of the premises of defendant. This contention is without substantial merit. The evidence produced by the state tended to show that deputy sheriffs, who at various times visited the night club operated by defendant, noted that various patrons of the club had whisky bottles sitting either on or under their tables and were indulging in the use of intoxicating liquors in the club, apparently with the knowledge and consent of defendant. It further showed that on one night shortly before this action was brought two deputy sheriffs, sitting in their car in front of the club, saw the defendant, in an apparently drunken condition, leave the club and go to his car, open the trunk and take out a pint bottle of whisky, which he put in his coat pocket and returned to the club. Some 20 minutes later they saw him again go to his car and take another pint of whisky from the trunk. This time they got out of their car and went towards him, whereupon he dropped the bottle of whisky back into the trunk and slammed down the lid. They arrested him for being drunk and upon their threat to either call a wrecker and tow the car into town or to get a crowbar and break open the trunk, he opened the trunk, disclosing seven pint bottles of whisky inside. On another occasion shortly afterwards, some deputies went to the club, and seeing patrons with whisky bottles on and under their tables, proceeded to seize all of the liquor so exposed to view and carried it away.

Defendant contends that these actions on the part of the deputies constituted an illegal search for the reason that the deputies had no search warrant on either occasion. However, the law seems to be settled that when the officers witness an open violation of the prohibition law, they may make a search of the premises or car where the violation occurred without the necessity of obtaining a warrant. 37 O. S. 1941 §89; Meehan v. State, 56

Okla. Cr. 198, 36 P. 2d 305; Farmer v. State, 86 Okla. Cr. 308, 192 P. 2d 716.

In Newton v. State ex rel. Gilmer, 200 Okla. 686, 199 P. 2d 611, we pointed out that under the provisions of 37 O. S. 1941 §73, a place was declared to be a public nuisance when one of three named situations was shown to exist:

"(1) Where intoxicating liquor is manufactured, sold, bartered, given away or otherwise furnished in violation of the Act:

"(2) where such liquor is kept or possessed in violation of the Act; and

"(3) 'all places where persons congregate or resort for the purpose of drinking any such liquor.' "

In the instant case, while there was no evidence of sale, the deputy sheriffs testified that defendant, when they arrested him and searched the trunk of his car, stated that he was not selling the liquor but was giving it to his friends. This admission, together with the evidence of open consumption of liquor on the premises by patrons, was sufficient to justify the trial court in issuing the injunction.

Affirmed.

HALLEY, V. C. J., CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.

Rehearing Denied Jan. 8, 1952.