## TURNER v. BRUNER.
### No. 35649.

Supreme Court of Oklahoma.
Oct. 6, 1953.

Rehearing Denied Oct. 27, 1953.

Wise and Ivester, Sayre, for plaintiff in error.

Charles M. Wilson, Sayre, for defendant in error.

WILLIAMS, Justice.

The parties are referred to herein as in the trial court.

Plaintiff, O. A. Bruner, purchased some seed from defendant, Doyle Turner, for a late planting of broomcorn. He planted the seed and when the plants sprouted therefrom had grown four or five inches tall, it became apparent that instead of being Scarborough No. 7 broomcorn seed as warranted, it had been a mixture of broomcorn, sudan, milo maize and other seed. Plaintiff sued for consequential damages in the amount of $1,407.50. He recovered a verdict for $1,118 and from the judgment pronounced thereon, defendant has appealed.

The sole question argued by defendant on appeal is that the court erred in overruling his motion for a directed verdict. In support of this contention, defendant says that at the time of the purchase and again at the time of planting, plaintiff had notice that the seed was not

pure broomcorn seed; that he is therefore entitled to recover only the value of the seed, and not consequential damages resulting from its planting. This rule is supported by 46 Am.Jur., Sales, sec. 757, and by Pauls Valley Milling Co. v. Gabbert, 182 Okl. 500, 78 P.2d 685, 117 A.L.R. 466.

As is evident, it must be shown that plaintiff had notice of the defect in the seed before this rule can apply. On this point, defendant points to testimony by plaintiff that he thought the seed was "chaffy" and had not been cleaned properly; that he mentioned this to defendant, who assured him that it was good seed and that other farmers had had good luck with it. There was also evidence that other witnesses, friends of plaintiff, expressed a doubt as to whether it was good seed. However, plaintiff also testified that he had been farming only three years; that he had never planted broomcorn before; and that he relied on the warranties made in defendant's store at the time of the sale.

This testimony of course raised a question of fact as to whether or not plaintiff actually realized before planting that the seed was not as warranted, and the record shows that this issue was presented to the jury by a proper instruction, to which no objection was made.

The jury's verdict for plaintiff necessarily includes a finding in his favor on this particular issue. There was evidence reasonably tending to support such finding, recounted above, and the following rules are therefore applicable:

"Where seeds or plants are sold with a warranty that they are of a particular kind or quality, the measure of damages for a breach of such warranty is the difference between the value of the crop in fact raised from such seeds or plants and the value of the crop as it would have been if the seeds or plants had been as warranted." 77 C.J.S., Sales, § 386.

"If there is any testimony reasonably tending to support the verdict of the jury, and said verdict has been approved by the trial court the judgment will not be disturbed on appeal." Britt v. Doty, 195 Okl. 620, 161 P.2d 521.

No contention is made, and the evidence does not show, that the plaintiff could have mitigated his damages herein.

The judgment of the trial court is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, O'NEAL and BLACKBIRD, JJ., concur.