C. H. KRIEGER, Plaintiff in Error,

v.

Charlie MARSHALL and Eugenia Marshall, Defendants in Error.

No. 36851.

Supreme Court of Oklahoma.

Jan. 17, 1956.

380

E. Blumhagen, Watonga, for plaintiff in error.

Fred V. Shirley, R. H. Morgan, Watonga, for defendants in error.

PER CURIAM.

Charlie Marshall and Eugenia Marshall, defendants in error herein, plaintiffs below, instituted an action in the district court of Blaine County, against C. H. Krieger, plaintiff in error herein, defendant below, to recover damages for a breach of warranty of seed wheat. Trial was had to a jury, and, pursuant to the jury's verdict, judgment was rendered in favor of the plaintiffs in the amount of $500. Motion for new trial was filed and overruled. From the order overruling the motion for new trial the defendant brought this appeal.

The answer of the defendant, in addition to the general and specific denials of the allegations of the petition, contained the following affirmative defense:

"For further answer and defense said defendant alleges that during the month of September, 1951, the plaintiff, Charley Marshall, came to the

home of this defendant located in Blaine County, and stated to this defendant that he wanted to buy some seed wheat; that this defendant then and there told said plaintiff that the seed wheat which this defendant had for sale had all been sold, and that he had none left for sale; that this defendant then and there further told said plaintiff that the son of this defendant, C. H. Krieger, Jr., had some seed wheat which was raised on the said premises, and which was stored in a bin on said premises, and further suggested to said plaintiff that he look at the son's wheat to see if he wanted any of it for seed; that this defendant then and there further told said plaintiff that the wheat belonged to his son, that the defendant was acting only as agent for his son, and that he had no authority to make any warranties or other statements regarding the son's wheat, or regarding its germination qualities; * * * and that the defendant had no authority of any kind with respect to said wheat other than he had authority to sell it at the price of $2.50 per bushel."

Plaintiffs filed a reply, which, after the general denial of the allegations of the defendant's answer, read as follows:

"For further reply, plaintiffs state that at no time was there any contract or dealing of any kind in regard to said seed wheat involved herein with any other than the defendant herein and that there is no agreement or purchase of any kind from C. H. Krieger, Jr."

The above reply was not verified as required by 12 O.S.1951 § 286.

During the course of the trial the plaintiffs asked leave of court to amend their reply by verifying the denial of agency. This application was denied by the court, and no exceptions were taken by the plaintiffs.

At the conclusion of plaintiffs' evidence the defendant demurred thereto, which demurrer reads as follows:

"Comes now the defendant at the conclusion of the evidence of the plaintiffs, and demurs to such evidence for the reason that the same and the whole thereof, as a matter of law, is wholly insufficient to entitle the plaintiffs to the relief prayed for; for the further specific reason that under the pleadings herein the defendant is entitled to judgment on the pleadings; for the further specific reason that no cause of action is either alleged or proved against this defendant in his capacity as the agent of C. H. Krieger, Jr., and for the further specific reason that as a matter of law the evidence of the plaintiffs does not constitute an express warranty."

The trial court overruled the demurrer and defendant excepted to such ruling.

At the close of all the evidence the trial court permitted plaintiffs to amend their reply by adding after C. H. Krieger, Jr., the following:

" * * * and the defendant herein at no time disclosed to these plaintiffs that he, the said defendant, was acting as agent for C. H. Krieger or any other person."

The several assignments of error are grouped under four propositions for the purpose of argument. Under his first proposition defendant argues the first three assignments of error as follows:

"1. That the Honorable District Court of Blaine County, Oklahoma erred as a matter of law in overruling the demurrer of the defendant to the evidence of the plaintiffs, made at the conclusion of the plaintiffs' evidence.

"2. That said trial court further erred as a matter of law in overruling the motion of the defendant for a directed verdict made at the conclusion of all the evidence.

"3. That said trial court erred in allowing the plaintiffs to amend their reply at the conclusion of all of the evidence."

Under this proposition, defendant contends that when he plead agency in his answer, and the plaintiffs thereupon replied to this tendered issue by an unverified general denial, the matter of defendant's status

as the agent of his son became settled and no cause of action was stated against him by the pleadings; that by reason thereof he was entitled to have his demurrer to plaintiffs' evidence sustained on the specific grounds that under the pleadings he was entitled to judgment on the pleadings; that the permitted amendment to the reply was based upon testimony of plaintiffs which was objected to and excepted to by defendant, and which testimony tended to inject new issues or materially changed the issues involved. He relies on Northwest Thresher Co. v. McNinch, 42 Okl. 155, 140 P. 1170; Pinkstaff v. State, 112 Okl. 91, 240 P. 107; Danciger Oil & Refining Co. v. Wayman, 169 Okl. 534, 37 P.2d 976, 97 A.L.R. 854; Dill v. Malot, 66 Okl. 74, 167 P. 219; Combs v. Gough, 147 Okl. 40, 294 P. 165; and other cases.

Plaintiffs oppose this contention and insist that the petition and reply established that this action was brought against the defendant for breach of warranty, and that no issue in the case was materially changed by the permitted amendment to their reply in view of the evidence. They cite Turner v. Bruner, Okl., 263 P.2d 191; A & A Cab Operating Co., Inc., v. Allen, 194 Okl. 103, 147 P.2d 792 and other cases.

12 O.S.1951 § 286 provides:

"In all actions, allegations * * * of any appointment of authority * * * shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

In the case of Osenbaugh v. Virgin & Morse Lumber Co., 173 Okl. 110, 46 P. 2d 952, we said:

"Where an answer contains an allegation of agency and the plaintiff does not file a verified denial of such agency under oath, as provided by section 220 O.S.1931 [now 12 O.S. 1951, Sec. 286, supra], such allegation is taken as true, and no further proof of the agent's authority is required."

However, we think this implies that it is not necessary for the party alleging agency to offer proof of same where it is required by statute to be denied under oath by the contesting party, and insofar as such matters are concerned, the failure to verify a reply is an admission of the correctness of the allegations of the answer on that point. We reaffirm this rule.

In many instances there are numerous facts essential to the maintenance of a cause of action, as to the existence of which there is usually no real dispute between the parties, but which nevertheless must be formally alleged and proved. The various defenses set forth in 12 O.S.1951 § 286, supra, are of this class. The law recognizes this situation, and in order to avoid a useless waste of time and expense has provided, in substance, that unless the existence of the facts is put in issue by a verified denial, it will be assumed that they are true and there is no issue between the parties in regard thereto, and therefore the party alleging the agency will not be required to expend time and money in bringing witnesses into court to prove a matter not in issue. If one of the parties to the action intends to contest the truth of an allegation of the class referred to, he must verify his denial. The other party thereby is notified that it will be necessary for him to produce evidence to sustain the allegations of his pleadings on these points. Plainly this rule is logical, and in the furtherance of speedy trials, reduction of costs and a determination of actions on the merits. Even though this be true, an examination of the record in the instant case reveals that defendant, after pleading agency in his answer and upon plaintiffs' filing of an unverified denial, permitted the cause to proceed to trial without objections.

The sixth paragraph of the syllabus in Ward v. Coleman, 170 Okl. 201, 39 P.2d 113, 114, states:

"If the defendant fails to make objection to an unverified reply before proceeding to trial, either by motion to strike or in some other proper manner, he is deemed to have waived any objection to the plea, on the ground of failure to verify same. The failure to verify cannot be taken advantage of by an objection to the introduction of testimony or be raised for the first time in the Supreme Court."

See also Stillwater Milling Co. v. Templin, 182 Okl. 309, 77 P.2d 732. This rule is supported by authorities from other jurisdictions.

■ As pointed out, the purpose of requiring a verification of the pleadings in such cases, is to enable the parties to determine upon what issues it will be necessary to present evidence. And, if at the trial a question arises as to whether the fact, which ordinarily would be admitted by the absence of the verification, does exist, and the parties have an opportunity to litigate the question and do so, we think this amounts to a waiver of the necessity of a verification of the reply, and such lack of verification does not, as a matter of law, amount to an admission of the allegation of the answer on such point. See also, Texas Title Guaranty Co. v. Shepherd, 184 Okl. 599, 89 P.2d 337.

■■ Having concluded that defendant, by his conduct, waived any defect in the reply by reason of its lack of verification, the next inquiry is as to whether the trial court erred in permitting plaintiffs to amend their reply at the close of all the testimony. We think not. We have uniformly held that the trial court, in furtherance of justice, may, in its judicial discretion, permit pleadings to be amended before or after judgment, but such amendments are largely within the sound discretion of the trial court, and in the absence of abuse, the Supreme Court will not disturb the ruling of a trial court in refusing or permitting such Amendments. See A & A Cab Operating Co., Inc., v. Allen, supra, and Wynnewood Cotton Oil Co. v. Moore., 54 Okl. 163, 153 P. 633. There was no abuse of discretion in allowing the amendment and the trial court's ruling plainly was in furtherance of justice.

■ It is next contended by defendant that the judgment is not sustained by the evidence, and more specifically, the evidence of the plaintiffs herein was insufficient to establish any warranty. This contention is untenable, for the reason that the testimony raised a question of fact as to warranty, and as to whether defendant, being the agent of his son, had disclosed that agency. Such questions of fact were determined by the jury, and under the established rule will not be disturbed by this court on appeal. We have examined the record and find that there was competent testimony reasonably tending to support the verdict of the jury.

Defendant contends that the court erred in giving the following instructions:

"9. You are instructed that the defendant acted as the agent of his son, Carl H. Krieger, Jr., the owner of the wheat involved, in the sale of said wheat to the plaintiffs. You are instructed, however, if you find from a preponderance of the evidence that the defendant did not disclose to the plaintiffs at or prior to the time of the purchase of said wheat that defendant was acting as the agent of his son, as the owner of said wheat, and if plaintiff believed the defendant was the owner thereof, and if you further find from a preponderance of the evidence that the plaintiffs have established the material allegations of their petition with reference to warranty, breach of warranty and resulting damage to plaintiffs, your verdict should be for the plaintiffs and against the defendant even if the defendant did not own said wheat and was not authorized to make any warranty concerning the same by the owner thereof."

"11. You are instructed that if you find from a preponderance of the evidence in this case that there was an express warranty and a breach thereof on the part of the defendant as to the seed wheat sold by the defendant to the plaintiffs, the measure of plaintiffs' damages for the breach of such contract of warranty as to quality or fitness of said seed wheat would be the difference between the actual value thereof and the value that said seed wheat would have had if the same had been as represented, plus any consequential damages resulting from such breach of warranty, including expense of preparing a portion of the ground and re-sowing with other seed, and any loss due to plaintiffs' inability to re-sow

part of the ground with other seed wheat after it had been ascertained that the seed wheat purchased from the defendant would not germinate and grow properly, and all other damage, if any, which resulted proximately from such breach of warranty, if any."

In view of the conclusions reached heretofore, we deem it unnecessary to deal with defendant's contentions in respect to instruction No. 9.

■ Defendant presents argument that the rule as to the measure of damages in this case is the difference in value between the yield actually realized, and the probable yield if the seed had been as warranted, less the cost of planting, harvesting and marketing of the wheat. He cites Garrett v. Haworth, 183 Okl. 569, 83 P.2d 822; and Bowles v. Brown, 187 Okl. 264, 102 P.2d 837, 838, in support of such argument. Both of these cases pertained to damage for injury to growing crops. In the Brown case, supra, the rule is stated in paragraph 4 of the syllabus as follows:

"In an action for damages for injury to growing crops, the measure of damages is the value of the unmatured crops at the time of the injury. In arriving at such value, it is proper to show by evidence the probable yield under proper cultivation, and the value of such probable yield when matured, gathered, prepared, and ready for sale; also the probable cost of proper cultivation necessary to mature the crop, as well as the cost of gathering, preparation, and transportation to market. The difference between such probable value in the market and the cost of finishing the cultivation, and gathering, preparing and transportation to market, will represent the value at the time of loss."

In paragraph 1 of the syllabus in Turner v. Bruner, supra, we said:

"Where seeds are sold with a warranty that they are of a particular kind or quality, the measure of damages for a breach of such warranty is the difference between the value of the crop in fact raised from such seeds and the value of the crop as it would have been if the seeds had been as warranted."

We believe the distinction between the cases cited by defendant and the Turner case, supra, is this: In the former cases the growing crops were destroyed at the time of the injury and plaintiffs were put to no more expense in connection therewith. In the Turner case, supra, regardless of the seeds planted, the crop raised therefrom was harvested and marketed and plaintiff was put to such expense.

The Turner case, supra, is more nearly analogous to the instant case, and the measure of damages set forth therein is the proper measure of damages to be applied herein, plus any reasonable expenses plaintiff might have incurred in attempting to mitigate his damages.

■ Although we are of the opinion the instruction complained of failed to state the true measure of damages, and thus is erroneous, such error is prejudicial to the plaintiff and not to the defendant. The plaintiff raised no objection thereto, and we have held heretofore that even though an instruction defining the measure of damages is erroneous and misleading, yet when in the light of the evidence it does not appear to have misled the jury into finding upon the issue otherwise than they would have found under proper instructions, under 12 O.S.1951 § 78, the error complained of will be considered harmless. See Sinclair Prairie Oil Co. v. Seebeck, 182 Okl. 436, 78 P.2d 282.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, BLACKBIRD and HUNT, JJ., concur.

JACKSON, J., concurs in result.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner REED, and approved by Commissioners CRAWFORD and NEASE, the cause was

assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.